UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARLA ECHEVERRY | CIVIL ACTION |
| VERSUS | NO. 17-6494 |
| PHILLIP PADGETT, ET AL. | SECTION "L" (3) |

## ORDER & REASONS

Before the Court is Plaintiff's Emergency Motion for Discovery Sanctions, R. Doc. 95, which is supplemented by several memoranda in support of the Motion, R. Docs. 176, 232. The motion is opposed. R. Docs. 199, 237. The Court now rules as follows.

I.  **BACKGROUND**

This case arose out of a February 16, 2017 incident that occurred at the intersection of South Peters Street and Poydras Street in downtown New Orleans, Louisiana. R. Doc. 84 at 3. Defendant Jazz Casino Company, LLC d/b/a Harrah's New Orleans Casino ("Harrah's") hired an independent contractor, Alabama Wildlife Removal, LLC ("AWR") to remove birds from palm trees outside of its casino. R. Doc. 84 at 3. This job required the use of a manlift. As the manlift was moving from one group of palm trees on South Peters Street to another group of palm trees on Poydras Street, it struck Plaintiff Carla Echeverry, a pedestrian waiting at the crosswalk of the intersection. R. Doc. 49 at ¶ 9. As a result, Plaintiff sustained a comminuted fracture of her lower right leg and ankle. R. Doc. 84 at 3. Plaintiff sued Harrah's; AWR; Richard Padgett, the owner of AWR ("Padgett"); and Richard Tyler, the AWR employee who was operating the manlift ("Tyler"). R. Doc. 84 at 4. AWR, Padgett, and Tyler failed to appear in this lawsuit, and the Court entered a preliminary default against them. R. Doc. 42. Plaintiff alleged that Harrah's was

1

negligent for the following reasons, among others: failing to properly supervise AWR or provide sufficient barricades and equipment; hiring a contractor which it knew or should have known was incompetent; failing to investigate and vet its contractors; and hiring a contractor which it knew or should have known was uninsured. R. Doc. 49 at ¶ 14. For a more detailed recitation of the underlying facts of the case, see the Amended Pretrial Order. R. Doc. 158.

On April 23, 2019, less than one week before this case was initially set to be tried by a jury, Harrah's produced numerous, never-before-seen documents that were allegedly crucial to Plaintiff's case. R. Doc. 95-1 at 1. At the same time, Harrah's indicated that there were other documents but did not produce them, citing privilege. R. Doc. 95-1 at 2. Plaintiff requested sanctions for this late production. R. Doc. 95-1 at 10. Instead, the Court ordered a short continuance of the trial to allow Plaintiff to do the following: conduct discovery about the new documents which were produced; depose witnesses identified in those documents; and conduct discovery to determine if Harrah's failure to produce the new documents was "substantially justified" as required to avoid sanctions under Rule 37(c)(1) of the Federal Rules of Civil Procedure. R. Doc. 176 at 3.

On June 10, 2019, Harrah's filed under seal, for the Court's in-camera review, a privilege log and documents that Harrah's claimed were privileged. R. Doc. 132. On June 19, 2019, the Court issued an Order & Reasons, revisiting the issue of sanctions. R. Doc. 133. In it, the Court sanctioned Defendants as follows: "Defendants shall deliver Plaintiff its privilege log and associated documents that were filed under seal for in camera review." R. Doc. 133 at 7. The Court reviewed the documents that were filed under seal and denied Harrah's motion to keep those documents sealed; instead, Harrah's was ordered to deliver those documents to Plaintiff.

After a jury trial that began on August 5, 2019, the jury returned a verdict for Plaintiff and against AWR and Harrah's, finding AWR 50 percent responsible and Harrah's 49 percent responsible with respect to causing Plaintiff's accident. R. Doc. 229. The jury thus awarded Plaintiff a total of $1,262,000 to compensate her for her damages. R. Doc. 229 at 1.

## II. PRESENT MOTION

Plaintiff now revisits her Motion for Sanctions. R. Doc. 95. In the Motion, Plaintiff seeks sanctions because Harrah's "late production of crucial information, less than one week before trial, is unfair and prejudicial to the plaintiff," R. Doc. 95-1 at 2, and "[t]he parties and the Court could have been saved a lot of time, money, and effort had Harrah's simply been forthcoming," R. Doc. 95-1 at 9. Plaintiff subsequently supplemented the Motion for Sanctions, stating the Court should impose sanctions on Harrah's "for its consistent failure to supplement discovery," and alleging that Harrah's "still has not produced documents it knows to exist which are crucial to plaintiff's case." R. Doc. 176 at 1. Finally, after the completion of trial, Plaintiff filed a post-trial supplemental memorandum in support of the Motion for Sanctions to include exhibits detailing the timesheets and expense itemization of Plaintiff's attorneys. R. Doc. 232. In the post-trial supplemental memorandum, Plaintiff reiterates that testimony at trial supports the claim that Harrah's failed to supplement discovery as it was required to do. R. Doc. 232 at 2.

In opposition, Harrah's argues that Plaintiff keeps asserting that Harrah's has not produced documents it knows to exist that are crucial to Plaintiff's case, but "plaintiff has no evidence to support her contention that additional documents exist that have not been produced." R. Doc. 199 at 2. Moreover, Harrah's contends it fully complied with its obligation under Federal Rule of Civil Procedure 26(e) by providing Plaintiff with all of the documents and privilege log when the existence of these documents was discovered in late April 2019. R. Doc. 199 at 13. Finally,

Harrah's reiterates that the continuance of trial cured any potential prejudice to Plaintiff by the late production of documents. R. Doc. 237 at 1. Harrah's thus asserts that sanctions, consisting of attorney's fees and costs, should not be awarded. R. Doc. 237 at 2.

### III. LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 37(c):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Moreover, "[i]n addition to or instead of this sanction," the court may impose the following sanctions: (1) "order payment of the reasonable expenses, including attorney's fees, caused by the failure;" (2) "inform the jury of the party's failure;" and (3) "impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1). Federal Rules of Civil Procedure 26(a) and (e) require a litigant to supplement disclosures and discovery responses once the litigant learns that the disclosures or discovery responses are incomplete. *See* Fed. R. Civ. P. 26.

Courts have the inherent power to sanction litigants for a wide range of abuses during litigation. *Orchestratehr, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 494 (N.D. Tex. 2016) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 46 (1991). But courts must exercise their inherent powers with restraint and discretion. *Chambers*, 501 U.S. at 44. "Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct." *Orchestratehr, Inc.*, 178 F. Supp. 3d at 498 (citing *Mendoza v. Lynaugh,* 989 F.2d 191, 196 (5th Cir. 1993); Fed. R. Civ. P. 11(c)(4)). Moreover, "although Rule 37(b) applies to all failures to comply, whether wilful or not, the presence or lack of good faith in the parties is relevant to the orders which should be

given and the severity of the sanctions." *B. F. Goodrich Tire Co. v. Lyster*, 328 F.2d 411, 415 (5th Cir. 1964).

In this case, the late production of documents in late April 2019 was addressed by the continuance of the trial date. Moreover, the Court issued a sanction in June 2019 requiring that Harrah's deliver Plaintiff its privilege log and associated documents that were filed under seal. *See* R. Doc. 133. Furthermore, Plaintiff was successful at trial and received an appropriate award plus interest from the date of judicial demand until paid. R. Doc. 229 at 2. Because the Court has a "duty to impose the least severe sanction that is sufficient to deter future conduct," *Orchestratehr, Inc.*, 178 F. Supp. 3d at 498 (internal citations omitted), and the Court concludes that there was not a "lack of good faith in the parties" relating to the late production of the documents, *see B. F. Goodrich Tire Co.*, 328 F.2d at 415, the Court declines to impose further sanctions.

## IV.     CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's Emergency Motion for Discovery Sanctions, R. Doc. 95, is hereby **DENIED**.

New Orleans, Louisiana, this 20th day of September, 2019.

ELDON E. FALLON
U.S. DISTRICT COURT JUDGE