UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARLA ECHEVERRY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-6494** |
| **PHILLIP PADGETT, ET AL.** | **SECTION "L" (3)** |

## ORDER AND REASONS

On February 17, 2021, the Fifth Circuit vacated the jury award in this case and remanded the case for a new trial on damages or a remittitur determination. *Echeverry v. Jazz Casino Co., L.L.C.*, No. 20-30038, 2021 WL 609015 (5th Cir. Feb. 17, 2021). After considering the Fifth Circuit's opinion and the applicable law, the Court now rules as follows:

I.  **BACKGROUND**

This case arose out of a February 16, 2017 incident that occurred at the intersection of South Peters Street and Poydras Street in downtown New Orleans, Louisiana. R. Doc. 84 at 3. Defendant Jazz Casino Company, LLC d/b/a Harrah's New Orleans Casino ("JCC") hired an independent contractor, Alabama Wildlife Removal, LLC ("AWR") to remove birds from palm trees outside of its casino. R. Doc. 84 at 3. This job required the use of a manlift. As the manlift was moving from one group of palm trees on South Peters Street to another group of palm trees on Poydras Street, it struck Plaintiff Carla Echeverry, a pedestrian waiting at the crosswalk of the intersection. R. Doc. 49 at ¶ 9. As a result, Plaintiff sustained a comminuted fracture of her lower right leg and ankle. R. Doc. 84 at 3. Plaintiff sued JCC; AWR; Richard Padgett, the owner of AWR ("Padgett"); and Richard Tyler, the AWR employee who was operating the manlift ("Tyler"). R. Doc. 84 at 4. AWR, Padgett, and Tyler failed to appear in this lawsuit, and the Court entered a preliminary default judgment against them. R. Doc. 42.

1

## II.     TRIAL AND JURY VERDICT

A jury trial for this case commenced on August 5, 2019. Both sides gave closing arguments in the morning of August 8, 2019, and the jury began deliberation at 11:10 a.m. The jury reached a verdict and returned from deliberations at 1:34 p.m. The Court took the jury's verdict at 1:44 p.m., which was as follows:

1. JCC was negligent, and JCC negligence was a legal cause of Plaintiff's injuries.

2. AWR was negligent, and AWR's negligence was a legal cause of Plaintiff's injuries.

3. Plaintiff was 1 percent negligent, but this negligence was not a legal cause of her injuries.

4. JCC was 49 percent at fault for Plaintiff's injuries.

5. AWR was 50 percent at fault for Plaintiff's injuries.

6. Plaintiff is entitled to recover a total sum of $1,262,000.00, with the breakdown as follows:
   - $150,000 for past pain, suffering, and mental anguish;
   - $1,000,000 for future pain, suffering, mental anguish, disability, scarring, and disfigurement;
   - $30,000 for past, present, and future loss of enjoyment of life;
   - $51,000 for past medical expenses;
   - $26,000 for past lost wages; and
   - $5,000 for loss of college tuition.

*See* R. Doc. 207-1. Accordingly, Plaintiff was entitled to recover 49 percent of $1,262,000.00 from JCC, plus judicial interest and a percentage of court costs.

On August 21, 2019, the Court entered judgment in favor of Plaintiff against JCC for $618,380.00, for the 49 percent fault assigned to JCC, plus pre-judgment interest on this amount from judicial demand up to the date of judgment, post-judgment interest until paid, and costs allocated proportionate to the percent fault assigned.[1] Following JCC's Motion to Alter Judgment

---

[1] Due to clerical error, the Court entered an amended judgment on August 23, 2019.  *See* R. Doc. 229.

regarding two stipulations to past medical expenses and lost tuition expenses and calculation of post-judgment interest, R. Doc. 243, which was unopposed by Plaintiff, R. Doc. 250, the Court issued a Second Amended Judgment in favor of Plaintiff and against JCC for a total of $618,196.04, plus interest and the proportion of costs. R. Doc. 256. On December 23, 2019, the Court denied JCC's Motion for Judgment as a Matter of Law, or Alternatively, a New Trial, finding that the jury's award for future pain and suffering was not excessive because it was supported by the evidence in the case. R. Doc. 266.

### III.   THE APPEAL

On January 21, 2020, JCC filed a Notice of Appeal regarding the Court's Second Amended Judgment entered on November 8, 2019 and the Court's Order and Reasons denying JCC's Motion for Judgment as a Matter of Law a New Trial. R. Doc. 280. The Fifth Circuit issued an opinion on January 11, 2021, in which it affirmed the jury's negligence verdict on each of the three theories presented and held that this Court did not abuse its discretion by admitting any of the objected-to evidence. *See Echeverry v. Jazz Casino Company L.L.C. d/b/a Harrah's New Orleans Casino*, No. 20-30038, 2021 WL 79900 (5th Cir. Jan. 11, 2021). The Fifth Circuit also held that the $1,000,000 jury award for future pain, suffering, mental anguish, disability, scarring, and disfigurement was excessive and thus vacated the award and remanded the case for a new trial on damages or a remittitur determination in light of factually similar cases. *Id.* at *20.

On February 17, 2021, the Fifth Circuit denied Plaintiff's petition for rehearing, as well as her petition for rehearing *en banc*. *Echeverry v. Jazz Casino Co., L.L.C.*, 20-30038, 2021 WL 609015 (5th Cir. Feb. 17, 2021). Additionally, the Fifth Circuit withdrew its previous opinion and issued a new opinion with mostly similar conclusions. The Fifth Circuit upheld the jury's negligence verdict and found that this Court did not abuse its discretion by admitting certain

3

evidence at trial. *Id* at *23. The Fifth Circuit also held that the jury award for future pain and suffering was excessive, therefore vacating the award and remanding the case for a new trial on damages or a remittitur determination. *Id.* The Court will now review the applicable jurisprudence in order to determine the appropriate remittitur.

## IV.   LAW AND ANALYSIS

The Fifth Circuit generally applies the "maximum-recovery rule" to determine whether an award is excessive. *Puga v. RCX Sols., Inc.,* 922 F.3d 285, 297 (5th Cir. 2019). Under the maximum recovery rule, "the verdict must be reduced to the maximum amount the jury could properly have awarded." *Brunnemann v. Terra Int'l, Inc.*, 975 F.2d 175, 178 (5th Cir. 1992) (quoting *Hansen v. Johns–Manville Products Corp.*, 734 F.2d 1036 (5th Cir.1984)). The maximum-recovery rule "permits a verdict at 150% of the highest inflation-adjusted recovery in an analogous, published decision." *Longoria v. Hunter Express, Ltd.*, 932 F.3d 360, 365 (5th Cir. 2019). The appellate court "will decline to reduce damages where the amount awarded is not disproportionate to at least one factually similar case from the relevant jurisdiction." *Id.* (quoting *Lebron v. United States*, 279 F.3d 321, 326 (5th Cir. 2002)). For purposes of the maximum-recovery rule, the "relevant jurisdiction" in a diversity case is the forum state, which in this case is Louisiana. *Longoria*, 932 F.3d at 365; *see also Puga v. RCX Sols., Inc.*, 922 F.3d 285, 297 (5th Cir. 2019) ("The relevant jurisdiction for purposes of the maximum recovery rule is the state providing the substantive law for the claim." (internal quotations omitted)).

After a thorough review of factually similar cases in Louisiana, the Court concludes that *Kennedy v. Columbus American Properties, L.L.C.* is the most instructive and factually similar case in relation to the above-captioned matter. 99-0940 (La. App. 4 Cir. 1/12/00); 751 So.2d 369 (cited by *Echeverry*, 2021 WL 609015 at *11). In *Kennedy*, the Louisiana Court of Appeals for

the Fourth Circuit affirmed a jury award of $220,000 in general damages issued in a personal injury suit. *Id.* at 374. Plaintiff sustained a fractured dislocation to her ankle during a package delivery and underwent two surgical operations as a result. *Id.* at 374. The surgeries created scarring, and Ms. Kennedy suffered great pain upon her return to work, which requires being on foot. *Id.* Plaintiff was forty-four years old and led an active lifestyle at the time of the incident. *Id.* By trial, she had already been diagnosed with degenerative arthritis. *Id.* The Fourth Circuit concluded that the award was not excessive in view of the effects of this injury on Ms. Kennedy. *Id.*

In the present case, Ms. Echeverry sustained similar injuries and was diagnosed with similar long-term effects. Ms. Echeverry suffered a trimalleolar, comminuted fracture that required three surgeries. Ms. Echeverry has scarring and permanently damaged cartilage and will have chronic pain the rest of her life. At trial, Ms. Echeverry was already showing signs of post-traumatic arthritis. Ms. Echeverry must take pain medication each day to alleviate the pain associated with working on her feet as a pharmacy technician. At the time of the incident, Ms. Echeverry was thirty-three years old and had no physical restrictions. Thus, the Court finds that *Kennedy* is the appropriate benchmark for the present case and will calculate a remittitur based on this opinion. After adjusting the award in *Kennedy* for inflation and applying the maximum-recovery rule, the Court concludes that an appropriate award for future pain, suffering, mental anguish, disability, scarring, and disfigurement in this case is $500,000.[2] In the event Plaintiffs refuse to remit, the Court will order a new trial.

V.   **CONCLUSION**

Considering the foregoing,

---

[2] This figure was calculated using the U.S. Bureau of Labor Statistics' CPI Inflation Calculator, located at https://www.bls.gov/data/inflation_calculator.htm. The amount in *Kennedy* allowed by the Louisiana Fourth Circuit in January of 2000 was $220,000. Bringing this figure current by taking inflation into consideration increased the award in *Kennedy* to $340,924. Multiplying this figure by 150% brings the *Kennedy* award to $511,386.

**IT IS HEREBY ORDERED** that the jury award in this case for future pain, suffering, mental anguish, disability, scarring, and disfigurement is remitted to $500,000. The Court will issue an amended judgment awarding this amount for future pain and suffering. Plaintiff must file either an acceptance of the remittitur or notice of intent to retry the case within ten days of this Order's issuance.

New Orleans, Louisiana, 23rd day of February 2021.

                                            ELDON E. FALLON
                                            U.S. DISTRICT COURT JUDGE